# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| DONALD EBNER, | ) | |
|                Plaintiff, | ) | |
| | ) | |
| v. | ) | 2018-CV-2 |
| | ) | |
| THE BANK OF NOVIA SCOTIA, | ) | JURY TRIAL DEMANDED |
| | ) | |
|                Defendant. | ) | |
| | ) | |

## COMPLAINT

## GENERAL ALLEGATIONS

1. Donald Ebner is a citizen of Missouri.

2. The Bank of Nova Scotia ("Scotia") is a Canadian corporation with its principal place of business in Toronto, Ontario.

3. This is an action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(g). This court therefore has subject matter jurisdiction under 28 U.S.C. § 1331. The court has supplemental jurisdiction over plaintiff's territorial law claims under 28 U.S.C. § 1367.

4. In July 2010, Ebner purchased a single family home in Estate Judith's Fancy, St. Croix.

5. Ebner financed the purchase by obtaining a real estate mortgage loan from Scotia's branch office in St. Croix.

6. The mortgage loan agreement required Ebner to maintain windstorm

insurance on the property and to make monthly payments to the loan servicer for deposit into an escrow account for the payment of the insurance premiums. At all relevant times, Scotia acted as the servicer of Ebner's loan.

7. Ebner obtained windstorm insurance from Real Legacy Insurance Company and timely made all escrow payments to Scotia to maintain that insurance policy.

8. The Real Legacy policy had a one-year term, renewable on July 14 of each year. Scotia renewed Ebner's windstorm insurance with Real Legacy in July 2011, July 2012, and July 2013, paying the annual premiums from Ebner's escrow account.

9. In July 2014, however, Scotia failed to timely pay the annual premium to Real Legacy from Ebner's escrow account even though the account contained sufficient funds to make the payment. As a result, the Real Legacy policy lapsed for non-payment.

10. After allowing the Real Legacy policy to lapse, Scotia used Ebner's escrowed funds to purchase force-placed insurance from a company called Aspol. Scotia paid Aspol $14,403 from Ebner's escrow account in September 2014.

11. Force-placed insurance is a type of insurance that lenders obtain when a borrower fails to maintain his own insurance. Force-placed policies typically cover only the lender's interest in the property and are more expensive than standard coverage.

12. Scotia never notified Ebner that it had failed to pay the premium to Real Legacy and that his policy had lapsed as a result. Nor did it inform Ebner that it had purchased force-placed coverage with his escrowed funds.

13. In July 2015, Scotia paid Aspol $14,843 from Ebner's escrow account. In

July 2016, Scotia paid Aspol $13,543 from Ebner's escrow account.  In July 2017, Scotia paid Aspol $13,528 from Ebner's escrow account.

 14.  On September 19, 2017, Hurricane Maria struck St. Croix, causing extensive damage to the island.  Ebner's home was damaged in the storm.

 15.  On September 27, 2017, Ebner filed a claim with Real Legacy.  Real Legacy informed Ebner the next day that his policy had lapsed for non-payment in July 2014.  This was the first time Ebner became aware that Scotia had failed to pay the premium to Real Legacy and that his policy had lapsed as a result.

 16. Ebner emailed Scotia and asked it to explain why it had failed to pay the Real Legacy premium and allowed the Real Legacy policy to lapse.  Scotia refused to provide an explanation.  It informed Ebner that it had obtained force-placed insurance coverage for his home but would not give Ebner the name of the force-placed insurer.

 17. Ebner asked Scotia to file a claim with the force-placed insurer on his behalf and to request that the insurer send an adjuster to inspect the damage to his home.

 18. Scotia refused to file a claim.  Instead, it asked Ebner to provide it with a complete list of damages to his house along with photos.  Ebner explained he was not qualified to identify and itemize the damage to his home and renewed his request for an adjuster.

 19. Scotia again declined to send an adjuster.  As of the date of this Complaint, Scotia has not filed a claim on Ebner's behalf and an adjuster has not inspected Ebner's home.  Without insurance, Ebner cannot afford to pay for the home repairs.

 20. Before Hurricane Maria, Ebner rented his home on a short-term basis to

vacationers and used the rent to pay his mortgage.

21. As a result of the damage caused by Hurricane Maria, Ebner has lost rental income.

## FIRST CLAIM FOR RELIEF

## (Violation of RESPA)

22. Ebner repeats and realleges paragraphs 1-21, above.

23. The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(g), requires loan servicers to make insurance payments from a borrower's escrow account in a timely manner.

24. Scotia violated § 2605(g) by failing to timely pay the annual premium to Real Legacy from Ebner's escrow account.

25. As a result of Scotia's violation of RESPA, Ebner has suffered damages, including the total amount of the premiums paid from his escrow account for force-placed insurance, the cost of repairs to his home, and lost rental income.

## SECOND CLAIM FOR RELIEF

## (BREACH OF FIDUCIARY DUTY)

26. Ebner repeats and realleges paragraphs 1-25, above.

27. Scotia acted as Ebner's escrow agent and therefore owed him a fiduciary duty to exercise reasonable care and ordinary diligence.

28. Scotia breached its fiduciary duty to Ebner by failing to timely pay his insurance premium to Real Legacy and by misusing the escrowed funds to pay for unnecessary force-placed insurance.

29. As a result of Scotia's breach of fiduary duty, Ebner has suffered damages, including the total amount paid from his escrow account for the force-placed insurance, the cost of repairs to his home, and lost rental income.

30. Scotia's conduct in breaching its fiduciary duty was intentional, reckless, wanton, and willfull, justifying an award of punitive damages to Ebner.

## THIRD CLAIM FOR RELIEF

## (Breach of Contract)

31. Ebner repeats and realleges paragraphs 1-30, above.

32. Ebner's mortgage agreement with Scotia requires Ebner to escrow windstorm insurance premiums with Scotia.

33. The mortgage agreement in turn required Scotia to use Ebner's escrowed funds to pay his insurance premiums. The agreement permits Scotia to obtain force-placed insurance, which is much more expensive and provides much less coverage than standard windstorm insurance, only if Ebner failed to maintain his own coverage.

34. Ebner performed all obligations under the mortgage agreement, including his obligation to maintain his own coverage by escrowing funds with Scotia for the payment of his insurance premiums.

35. Scotia breached its agreement with Ebner by failing to use the escrowed funds to pay Ebner's premiums to Real Legacy, by failing to inform Ebner that it intended to stop paying premiums to Real Legacy, and by using Ebner's escrowed funds to purchase force-placed insurance that it had no right to purchase.

36. As result of Scotia's breach of contract, Ebner's Real Legacy policy lapsed, leaving Ebner uninsured.

37. Ebner has suffered damages in the amount of $56,317, which represents the total amount Scotia paid from Ebner's escrow account for force-placed insurance that Scotia had no right to obtain and that does not provide coverage to Ebner for damage to his home. Ebner has also suffered consequential damages resulting directly from Scotia's breach of contract, including the cost of repairs to his home and the loss of rental income.

                        Respectfully submitted,

                        **COLIANNI & COLIANNI**
                        Attorneys for Plaintiff

DATED: January 30, 2018    By:  /s/Vincent Colianni, II
                                                  Vincent Colianni, II
                                                  Vincent A. Colianni
                                                  1138 King Street
                                                  Christiansted, VI 00820
                                                  Telephone: (340) 719-1766
                                                  Facsimile: (340) 719-1770
                                                  mailbox@colianni.com